# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **PNC BANK**, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13 C 1054 |
| | ) |
| **NORTH STAR POLYMERS, LLC**, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

North Star Polymers, LLC and Peter Brunette have filed their Answer to the Complaint brought against them by PNC Bank. This memorandum order is issued sua sponte to address some problematic aspects of that responsive pleading.

To begin with, Answer ¶¶ 4, 8, 13, 16 and 23 contain the form of disclaimer of certain of PNC's allegations that is made available by Fed. R. Civ. P. ("Rule") 8(b)(5), but each of those paragraphs then goes on to state impermissibly "and therefore denies those allegations." It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer.

Next, Answer ¶ 9 reads in part:

> Whether North Star is legally default under the Note is a legal conclusion for which no answer is required.

It is a non sequitur to equate the statement of a legal conclusion with the absence of a need to answer (note that an allegation of jurisdiction is the ultimate legal conclusion, yet one that a defendant must answer -- and see also App'x ¶ 2 to this Court's opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)).  Moreover, it does defense counsel no credit to advance such a quibble.

Finally, what has just been said applies to Answer ¶ 15 as well.  Both Answer ¶¶ 9 and 15 are stricken, but with leave to replead via an amendment to the Answer (not a fully-self-contained Amended Answer) on or before May 10, 2013.

Defense counsel has thus been sent back to the drawing board, but no good reason appears for any payment to be made by defendants to correct their counsel's errors.  Accordingly no charge is to be made by counsel for the time and expense involved in the partial repleading, and counsel are directed to apprise the clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
 Milton I. Shadur
 Senior United States District Judge

Date:  April 26, 2013